IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MCMAHAN JETS, LLC,

       Plaintiff,

       v.

CIVIL ACTION
CASE NO. 2:11-cv-03112-WGY

ROADLINK TRANSPORTATION, INC.,
RIZO JET AVIATION SERVICES, LLC,
AND JOHN/JANE DOE,

       Defendants.

**MEMORANDUM & ORDER**

I.    **INTRODUCTION**

McMahan Jets, LLC ("McMahan") brings this state law case against Roadlink Transportation, Inc. ("Roadlink"), Rizo Jet Aviation Services, LLC ("Rizo"), and John and Jane Doe, the purported owners of Roadlink. The case arises from the sale of a Cessna Citation Aircraft (the "Aircraft") by Roadlink to McMahan. McMahan presses five claims: breach of contract, negligent misrepresentation, intentional misrepresentation, fraud, and rescission. There are other actions pending among almost identical parties in the Southern District of Mississippi and the District of Utah.

1

This case was brought originally in the Chancery Court of Shelby County, Tennessee, and removed by the defendants pursuant to diversity jurisdiction. Roadlink now has moved to dismiss the case for lack of personal jurisdiction.

**A.    Procedural Posture**

The previously filed actions in the Southern District of Mississippi and the District of Utah complicate the procedural posture of this action. McMahan filed its first action in the Circuit Court of Forrest County, Mississippi, on May 28, 2010. The action was removed to federal court. Roadlink then filed a motion to dismiss for lack of personal jurisdiction. This motion was granted. McMahan Jets, LLC v. X-Air Flight Support, LLC, No. 2:10 cv 175 KS-MTP, 2011 WL 52557 (S.D. Miss. Jan. 7, 2011) aff'd sub nom. McMahan Jets, L.L.C. v. Road Link Transp., Inc., 485 F. App'x 661 (5th Cir. 2012) (per curiam). The Fifth Circuit has affirmed the dismissal in a short per curiam opinion. McMahan Jets, L.L.C., 485 F. App'x 661.

On April 7, 2011, after the dismissal of Roadlink from the Mississippi action, Roadlink filed a declaratory action in the District of Utah. While the filing in Utah preceded the filing in Shelby County, Tennessee, McMahan claims that counsel for McMahan was unaware of the Utah action at the time of the filing of this case. The Utah action is currently stayed.

McMahan filed this action in Shelby County, Tennessee, on November 10, 2011. Rizo removed the action on December 21, 2011. Roadlink then filed its motion to dismiss on February 21, 2012. Mot. Dismiss Compl. Roadlink Pending, Nearly Identical Action Rule 12(b) No Serv. Process, Insufficient Process, Lack Personal Jurisdiction, Improper Venue Opp'n Mot. Remand, ECF No. 15; Notice Filing Mem. Supp. Roadlink Transp., Inc.'s Mot. Dismiss Compl. Pending, Nearly Identical Action Rule 12(b) No Serv. Process, Insufficient Process, Lack Pers. Jurisdiction, Improper Venue Opp'n Mot. Remand, Ex. 1, Mem. Supp. Mot. Dismiss Compl. Roadlink Pending, Nearly Identical Action Rule 12(b) No Serv. Process, Insufficient Process, Lack Pers. Jurisdiction, Improper Venue Opp'n Mot. Remand ("Roadlink Supp. Mem."), ECF No. 20-1. McMahan filed an opposition on March 21, 2012. McMahan Jets, LLC's Br. Opp'n Roadlink Transp., Inc.'s Mot. Dismiss ("McMahan Opp'n"), ECF No. 21. Roadlink filed a reply on April 4, 2012. Reply Mem. Supp. Mot. Dismiss Compl. Roadlink Pending, Nearly Identical Action Rule 12(b) No Serv. Process, Insufficient Process, Lack Pers. Jurisdiction, Improper Venue, ECF No. 22.

This Court held oral argument on the motion on November 27, 2012. Elec. Clerk's Notes, Nov. 27, 2012, ECF No. 44. On that day, the Court denied the motion to dismiss on all grounds except for lack of personal jurisdiction and set that issue for an

evidentiary hearing on February 8, 2013. Id. The Court also denied the motion to remand to the state court. Id.

At the evidentiary hearing, the facts were no longer in dispute as Roadlink agreed that it was the record owner of the aircraft at the time of sale. The Court heard further oral argument regarding the motion to dismiss for lack of personal jurisdiction and took the matter under advisement. Elec. Clerk's Notes, Feb. 8, 2013, ECF No. 65.

### B. Facts

The parties agreed to the following facts at oral argument:

The Aircraft, owned by Roadlink, was flown into Shelby County, Tennessee, by an agent of Roadlink, along with the log books. A quick informal inspection was performed. The Aircraft was accepted by McMahan. A phone call from Tennessee to Mississippi authorized the faxing of an authorization letter to an escrow agent in Oklahoma. That escrow agent had control of the funds, the original bill of sale, and record title. Thus, the transaction was completed in Oklahoma. An affidavit of transfer was executed in Tennessee, as was a certificate of delivery/acceptance. McMahan is a resident of Mississippi that picked Tennessee as the delivery site for tax benefits. Roadlink accepted McMahan's chosen delivery site and was compensated for its expenses in delivering the Aircraft to Shelby County,

Tennnessee. All other portions of the transaction, such as the agreement and detailed inspections, occurred in other states.

### C. Federal Jurisdiction

Because the parties are diverse and the amount in controversy is $2,100,000 this Court has diversity jurisdiction pursuant to 28 U.S.C. section 1332. The case was removed pursuant to 28 U.S.C. section 1446.

## II. PERSONAL JURISDICTION ANALYSIS

Roadlink argues that this Court ought dismiss this action because this Court lacks personal jurisdiction over Roadlink. Roadlink Supp. Mem. 16-21. McMahan rebuts by claiming that this Court can exercise specific personal jurisdiction. McMahan Opp'n 9-13.

"An exercise of specific jurisdiction is proper where the claims in the case arise from or are related to the defendant's contacts with the forum state." Intera Corp. v. Henderson, 428 F.3d 605, 615 (6th Cir. 2005). To exercise personal jurisdiction in a diversity case, a district court must have authorization under the state's long-arm statute and must not run afoul of constitutional due process protections. Calphalon Corp. v. Rowlette, 228 F.3d 718, 721 (6th Cir. 2000). "Tennessee's long-arm statute has been interpreted to be 'coterminous with the limits on personal jurisdiction imposed' by the Due Process Clause of the United States Constitution, and thus, 'the

jurisdictional limits of Tennessee law and of federal constitutional law of due process are identical.'" Intera, 428 F.3d at 616 (quoting Payne v. Motorists' Mut. Ins. Cos., 4 F.3d 452, 455 (6th Cir. 1993)). As such, this Court needs to assess only whether the assertion of specific personal jurisdiction under these facts comports with constitutional due process.

A court's assertion of personal jurisdiction over a party will not violate the Due Process Clause if the party has purposefully established "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). Purposeful availment of the forum state's benefits and protections is required to satisfy the minimum contacts threshold. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" Burger King, 471 U.S. at 475 (internal citations omitted) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984); Keeton v. Hustler Magazine, Inc., 465 U.S.

770, 774 (1984); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 299 (1980)); see Henry S. Noyes, The Persistent Problem of Purposeful Availment, 45 Conn. L. Rev. 41, 41 (2012) (arguing that "[p]urposeful availment is best understood by its negative: no court should find a nonresident defendant subject to personal jurisdiction for a contact with the forum state that the defendant could not reasonably prevent"). No constitutional concerns are present where a defendant's own actions give rise to the connection with the state. See Burger King, 471 U.S. at 475. Where a defendant has taken deliberate actions within a state, jurisdiction over the defendant in the forum is typically proper. See id. at 475-76 ("[W]here the defendant 'deliberately' has engaged in significant activities within a State . . . he manifestly has availed himself of the privilege of conducting business there, and because [he received] 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to . . . litigation in that forum . . . .").[1]

The Sixth Circuit has promulgated a three-prong test to ascertain whether specific personal jurisdiction exists and

---

[1] Moreover, the exercise of personal jurisdiction must not offend the traditional notions of fair play and substantial justice as determined by (1) the burden on Roadlink, (2) Tennessee's interest in adjudicating the dispute, and (3) McMahan's interest in convenient and effective relief. See id. at 476-77.

ensure that the exercise of such jurisdiction does not violate a defendant's due process rights. See Southern Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968) (reciting that "[f]irst, the defendant must purposefully avail himself of the privilege of acting in the forum state . . . . Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant . . . must have a substantial enough connection with the forum state to make . . . jurisdiction . . . reasonable."). In the Sixth Circuit, to determine whether the final reasonableness prong is satisfied, a court ought look at "(1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the controversy." Intera, 428 F.3d at 618.

At oral argument, counsel for Roadlink insisted that Roadlink's scant contacts with Tennessee were random, fortuitous, and attenuated. This Court sees things quite differently.

As part of the sale of the Aircraft, Roadlink agreed to fly the Aircraft to Shelby County, Tennessee. It then proceeded to do so. This is not a random contact, as Roadlink argues, caused only by McMahan's desire to gain tax benefits in transferring ownership of the Aircraft in Tennessee. Rather, this contact is a purposeful availment of the forum state's facilities and laws. Moreover, this availment is not the unilateral activity of

McMahan. Roadlink expressly agreed to and carried out a contract that involved flying a $2,100,000 aircraft into Tennessee. See McMahan Opp'n, Ex. 1, Aircraft Purchase Agreement Rizojet Aviation Servs. LLC, ECF No. 21-1. Here, it is Roadlink's own actions that give rise to the connection with the state.

These actions were pre-planned and deliberate. This Court can imagine a scenario where an airplane flying from Oklahoma to North Carolina is forced to land in Tennessee due to bad weather or a mechanical problem. In such a scenario, the exercise of personal jurisdiction may offend the traditional notions of fair play and substantial justice. But that is not the situation this Court now encounters.

Roadlink has engaged in deliberate and substantial activities in Tennessee by availing itself of the privilege of conducting business in Tennessee. Roadlink negotiated a contract for the sale of the Aircraft for a significant sum of money and accepted as a condition of that contract delivery of the Aircraft to Tennessee. Moreover, Roadlink was expressly compensated for its costs in delivering the Aircraft to Tennessee. Where Roadlink receives the benefit of a bargain, its acts in executing its own promises under that contract are not random or attenuated.

Moreover, Roadlink would expect to be able to sue in Tennessee courts were its $2,100,000 taxiing airplane damaged due

to the negligence of the airport's ground crew. Roadlink thus received the benefits and protections of Tennessee's laws, and jurisdiction is presumptively proper.

The second prong of the Sixth Circuit's test requires that the cause of action arise from the defendant's activities in the forum state. McMahan pursues a variety of causes of action: breach of contract, negligent misrepresentation, intentional misrepresentation, fraud, and rescission. Rizo Jet Aviation Servs., L.L.C.'s Notice Removal Mot. Dismiss Improper Venue, Ex. 2, Compl. Breach Contract Other Relief, ECF No. 1-2. All the causes of action stem from McMahan's claim that the Aircraft was not airworthy when ownership was transferred. Ownership was transferred in Tennessee. As such, the causes of action arise from Roadlink's activities - namely, the transfer of ownership of the Aircraft - which occurred in Tennessee.

Finally, requiring Roadlink to litigate this dispute in Tennessee is not unreasonable given Roadlink's deliberate actions. In determining reasonableness, a district court in the Sixth Circuit evaluates "(1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the controversy." Intera, 428 F.3d at 618.

In this case, the burden on Roadlink at first appears significant. It must defend a case far from its headquarters in

Utah.  Roadlink, however, has stated that it would be amenable to suit in Texas, see Roadlink Supp. Mem. 22, where the burden on Roadlink would be about the same.  Moreover, Roadlink delivered the Aircraft to Tennessee in order to execute a business contract.  Given its willingness to use the forum for its economic benefit, requiring Roadlink to travel to Tennessee to litigate a dispute over the same transaction is quite reasonable.

Tennessee would have a significant interest in adjudicating this case because the alleged breach of contract occurred in Tennessee at the time of execution for part of the contract.  A state has a substantial interest in vindicating contracts that are breached within its territory.  See Nicholstone Book Bindery, Inc. v. Chelsea House Publishers, 621 S.W.2d 560, 564 (Tenn. 1981) (noting that "Tennessee clearly has an interest in protecting its residents against a breach of contract by nonresidents for purchase of goods made in [Tennessee]").  While McMahan is not a resident of Tennessee, it entered into a contract that was executed in Tennessee.  Tennessee certainly wants to protect individuals and corporations transacting business in Tennessee even if they are not residents in order to encourage the growth of business in Tennesee.

The dismissal of Roadlink from the Mississippi suit for lack of personal jurisdiction, see McMahan Jets, LLC, 2011 WL 52557, favors the finding of personal jurisdiction in Tennessee as McMahan cannot hope to secure convenient and effective relief in

Mississippi. Given that McMahan cannot pursue redress from Roadlink in Mississippi and that no other state can claim a greater interest in this litigation, other states' interest in securing efficient resolution in this controversy favors the finding of personal jurisdiction.

This Court holds that because Roadlink delivered the Aircraft which it owned to Shelby County, Tennessee, to complete the transaction, personal jurisdiction in Tennessee is constitutionally, and thus, statutorily, proper.

### III. CONCLUSION

For the reasons stated above, specific personal jurisdiction in this case over Roadlink is proper in the Western District of Tennessee. As such, the motion to dismiss, ECF No. 15, is DENIED.

**SO ORDERED.**

William G. Young[2]
District Judge

Dated: February 28, 2013

---

[2] Of the District of Massachusetts, sitting by designation. Elec. Clerk's Notes, June 21, 2012, ECF No. 32.